UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ANTHONY TUCKER                                                                                  PLAINTIFF

V.                                                            CIVIL ACTION NO.1:05CV292-GHD-JAD

CLAY COUNTY JAIL                                                                            DEFENDANTS

## REPORT AND RECOMMENDATION

Anthony Tucker filed this § 1983 action alleging the defendants deprived him of medical care. The plaintiff has filed a motion to dismiss the defendants' claimed qualified immunity defense(Doc. 62). The defendants have filed a motion for summary judgment (Doc. 67), based upon an asserted lack of evidence of deliberate indifference to the plaintiff's serious medical needs and based upon qualified immunity. The defendants are Laddie Huffman, the Sheriff of Clay County, individually and in his official capacity, the jail administrator, Bobby Randle, individually, and head jailer, Hal Headd, individually.

## **SUMMARY JUDGMENT STANDARDS**

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Rule 56(e) Fed.R.Civ.P. requires that materials supporting or opposing the motion be admissible at trial. Material that would be inadmissible cannot be considered on a motion for summary judgment since it would not establish a genuine issue of material fact.

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an

essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265(1986) If the party with the burden of proof cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required. *Geiserman v. MacDonald,* 893 F.2d 787, 793(5th Cir. 1990).

The moving party must make an initial showing that there is no dispute of material fact or that there is a failure of proof of an element of the claim. If this showing is made, the non-movant must go beyond pleadings and submit specific evidence showing that there are one or more genuine issues of fact to be resolved by trial. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(emphasis omitted). While all facts are considered in favor of the non-moving party, including all reasonable inferences therefrom, *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995), the nonmovant's burden, "is not satisfied with 'some metaphysical doubt as to the material facts,' *Matsushita,* 475 U.S. at 586, 106 S. Ct. at 1356, by 'conclusory allegations,' *Lujan,* 497 U.S. at 871-73, 110 S.Ct. at 3180, by "unsubstantiated assertions," *Hopper v. Frank,* 16 F.3d 92 (5th Cir.1994), or by only a "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir.1994)." *Little v. Liquid Air Corp.* at 1075.[1] Summary judgment is appropriate if "critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Armstrong v. City of Dallas,* 997 F.2d 62 (5th

---

[1] Quoting from *Matsushita Electric Indus.Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed. 2d 538(1986) and *Lujan v. National Wildlife Federation*, 497 U.S. 871, 110 S.Ct. 3177, 111L.Ed.2d 695(1990).

2

Cir.1993). If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted.

These standards have been applied in evaluating the evidence of record in support of and opposition to the motion for summary judgment.

## THE LAW, THE FACTS AND THE ANALYSIS

To make out his claim for denial of medical care, Tucker must produce evidence showing that each of the defendants was deliberately indifferent to his serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S. Ct.285, 290, 50 L. Ed. 2d 251 (1977) Tucker may not sue for simple negligence or medical malpractice. He is not entitled to the treatment that judges might prefer, or medical treatment or therapy equivalent to that provided by Medicaid or Medicare. *Ruiz v. Estelle*, 679 F.2d 1115, 1149 (5th Cir. 1982). Moreover, he has no right to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978). He certainly does not enjoy a right to medical treatment on demand.

Stripped of accusation, the facts of this case are in all material respects undisputed. Tucker entered this jail with pre-existing back trouble. He also has lipomas, which are benign fatty tumors, on his back. Tucker was housed at the Clay County Jail beginning on October 18, 2005 and ending on February 6, 2006, when he was transferred to Wisconsin prison authorities. There is an extensive record regarding his medical care in the 111 days he was in this jail. The following is a synopsis[2]

**10-18-2005**-Tucker is taken into custody at 10:15 p.m.

---

[2] The synopsis is put into chronological order to the extent that exact dates are given. Where exact dates are not given the items are inserted around approximate dates and may be slightly out of order.

**10-19-2005**- Tucker medical request. Claims he was to have surgery this date. Needs pain medications.

**???**-Tucker complains of back pain.

**10-21-2005-Tucker is seen at the Clay County ER.** He is to receive follow up treatment with neurologist Thomas McDonald.

**???**-An appointment is made for Tucker to se Dr. McDonald on 11-15-2005. He is given an MRI.

**11-9-2005-Tucker files this lawsuit**.

**11-15-2005-Tucker is taken to see Dr. McDonald. An MRI is done.**

**11-18-2005**-Tucker requests pain medication. Says he has been out for 2 1/2 weeks.

**11-22-2005-Tucker is seen at Clay County ER** and told to followup with Dr. McDonald

**???**-Dr. McDonald's office tells Bobby Randle that Tucker does not need surgery and does not need to be seen again by Dr. McDonald. His MRI and the note on surgery not being indicated is faxed to Randle.

**11/27/2005**-Tucker fills out a medical request. Complains that the pain medication is not enough.

**11/30/2005-**Tucker fills out a medical request. Requests appointment with McDonald.

**12/6/2005**-Tucker fills out a medical request. Requests to be seen by a specialist and a heating pad.

**12/10/2005**-Tucker medical request. Wants to go to ER, to McDonald.

**12/14/2005**-Tucker medical request. Claims not getting all of his medications for 6 day period.

**12/15/2006-Tucker seen at Clay County ER.** Again instructed to followup with Dr. McDonald.

**???-** Randle again calls Dr. McDonald's office and is told again that Tucker does not need to see the doctor.

**12/15/2005**-Tucker medical request, demanding to see McDonald.

**12/22/2005**-Tucker medical request demanding to see McDonald.

**12/23/2005- Tucker seen at Clay County ER.** He is referred to neurologist Farrukh Qureshi, in Columbus, MS.

**???**-An appointment is made for Tucker to see Dr. Qureshi on 1/24/2006.

**12/25/2006**-Tucker complains about medicine, want to go to the ER. Wants successful medical attention.

**12/27/200**5-Tucker complains medicine is ineffective, want to go to the ER.

**12/29/2005**-Tucker complains medicine is ineffective, want to go to the ER every other day for a shot.

**1/3/2006**-Tucker complains about medicine, want to go to the ER.

**1/4/2006**-Tucker complains about medicine, want to go to the ER, says he has numbness in his legs.

**1/6/06**-Tucker complains about medicine, want to go to the ER.

**1/8/2006-Tucker seen at Clay County ER.** Told to keep his neurology appointment.

**1/15/2006**-Tucker requests return trip to ER for more medicine.

**1/19/2006**-Tucker requests return trip to ER for more medicine.

**1/21/2006-Tucker goes to the Clay County ER.** Told to keep neurology appointment.

**1/24/2006-Tucker seen by Dr. Querishi.**

**1/27/2007- Tucker seen Baptist Medical Hospital, Golden Triangle**. Undergoes a nerve conduction and EMG testing. Dr. Querishi based on these tests finds there is no need for surgery, but recommends physical therapy and evaluation by a pain specialist.

**2/6/2006**-Tucker transported to Wisconsin.

Tucker produced partial medication records, complete with his notes. He claims he got Ibuprofen until November 14. He also claims that the Clay County Jail medication sheet did not have anything but Ibuprofen listed. He completed the chart for them, outlining additional courses of medication he received. According to Tucker's notes he received Gabapentin[3] from November 23, 2005 through December 24, 2005; Tramadol(a narcotic analgesic) from November 23, 2005 through December 9, 2005; Methocarbamol (a muscle relaxant) from December 25, 2005 to January 8, 2006; Butalbital ( a barbiturate) from December 16, 2005 to December 26, 2005; Ketorolac (a non-steroidal anti-inflammatory) from December 25, 2005 to January 1, 2006, Hydrocodone (a narcotic analgesic) from January 7, 2006 to January 13, 2006; Ketorolac (a non-steroidal anti-inflammatory) from December 25, 2005 through January 2, 2006 and Mobic (another no-steroidal anti-inflammatory) on January 9, 2006.

Tucker was in the Clay County Jail for 111 days. In that time he had 3 appointments with specialists in neurology, both of whom agreed that he needed no surgery. He was taken to the emergency room six times. He by his documentation, in addition to Ibuprofen, received at various times eight different medications for his pain problem. To allege that this level of medical treatment constitutes 'deliberate' indifference is at least unreasonable and frivolous, if not dishonest. There is no need to reach the issue of qualified immunity. The undersigned recommends that the defendant's motion for summary judgment be granted and judgment entered for them. The plaintiff's motion to dismiss the qualified immunity defense should be denied. The undersigned also recommends that the plaintiff be given a strike for filing this action.

---

[3] This is the generic name for Neurotin.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 16th day of October, 2006.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE